UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ANJANEYULU UPPALA | : | CHAPTER 13 |
| Debtor(s) | : | |
| | : | |
| CHARLES J. DEHART, III | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| ANJANEYULU UPPALA | : | |
| Respondent(s) | : | CASE NO. 5-17-bk-02392 |

TRUSTEE'S AMENDED OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 4th day of January, 2018, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Average gross monthly income. More specifically, Trustee believes and therefore avers that the amount on Line 11 was understated by $1,060.10.

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. Trustee believes and therefore avers that the amount on Schedule I, Line 12 was understated by $3,168.08.

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(b)(1) in that the plan classifies unsecured claims but unfairly discriminates certain claims in the designation. More specifically, the plan provides for payment of:

a. Transfers/payments to third parties. More specifically, Trustee believes and therefore avers that debtor transferred real estate to his daughter within two years of filing the petition, without adequate considerations, as follows: (1) 828 Maple Street, Scranton, PA was transferred from debtor to his daughter for $1.00 on May 16, 2016, and (2) 920-922 West Elm Street, Scranton, PA was transferred from debtor to his daughter for $1.00 on August 10, 2015.

3. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor has excess non-exempt equity in the following:

   a. Residential real estate.
   b. Business assets.
   c. Sale of 404 Rail Road Avenue, Scranton, PA.

4. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

   a. 2017 Federal Income Tax return.
   b. Copy of the 2016 and 2017 federal corporate return for all corporations in which the debtor(s) is a principal shareholder.
   c. Proof of Claim for ChizKaya Kalmanowitz; Pennsylvania American Water; Penn East Federal Credit Union.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
Attorney for Trustee

CERTIFICATE OF SERVICE

        AND NOW, this 4th day of January, 2018, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

C. Stephen Gurdin, Esquire
69 Public Square, Suite 501
Wilkes Barre, PA   18701

Anne Fiorenza, Assistant U.S. Trustee
Office of the U.S. Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA   17101

    /s/Deborah A. Behney
    Office of Charles J. DeHart, III
    Standing Chapter 13 Trustee