UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ANJANEYULU UPPALA : CHAPTER 13
    Debtor(s) :
     :
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
     :
    Movant :
     :
    vs. :
     :
ANJANEYULU UPPALA :
    Respondent(s) : CASE NO. 5-17-bk-02392

## TRUSTEE'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN

    AND NOW, this 20th day of October, 2018, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

    1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.

    2. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(b)(1) in that the plan classifies unsecured claims but unfairly discriminates certain claims in the designation. More specifically, the plan provides for payment of:

    a. Transfers/payments to third parties. More specifically, Trustee believes and therefore avers that debtor transferred real estate to his daughter within two years of filing the petition, without adequate considerations, as follows: (1) 828 Maple Street, Scranton, PA was transferred from debtor to his daughter for $1.00 on May 16, 2016, and (2) 920-922 West Elm Street, Scranton, PA was transferred from debtor to his daughter for $1.00 on August 10, 2015.

    b. Transfers/payments to third parties

    3. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor has excess non-exempt equity in the following:

    a. Residential real estate – CMA's for all properties that debtor is retaining.
    b. Business assets.

Case 5:17-bk-02392-JJT   Doc 79   Filed 10/22/18   Entered 10/22/18 11:41:45   Desc
Main Document    Page 1 of 3

4. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

   a. Insufficient Monthly Net Income as indicated on Schedules I and J.
   b. The plan is underfunded relative to claims to be paid.

5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

   a. 2017 Federal Income Tax return.
   b. Copy of the 2016 and 2017 federal corporate return for all corporations in which the debtor(s) is a principal shareholder.
   c. Current Profit and Loss Statement for nine (9) months of 2018.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:    /s/Agatha R. McHale
       Attorney for Trustee

CERTIFICATE OF SERVICE

    AND NOW, this   22nd   day of October, 2018, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

C. Stephen Gurdin, Esquire
69 Public Square, Suite 501
Wilkes Barre, PA   18701

Anne Fiorenza, Assistant U.S. Trustee
Office of the U.S. Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA   17101

                /s/Deborah A. Behney
                Office of Charles J. DeHart, III
                Standing Chapter 13 Trustee