UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ANJANEYULU UPPALA     CHAPTER 13
      Debtor

CHARLES J. DEHART, III     CASE NO. 5-17-bk-02392-JJT
STANDING CHAPTER 13 TRUSTEE

vs.

ANJANEYULU UPPALA
and NAVYA UPPALA,
DAUGHTER,

## TOLLING AGREEMENT

AND NOW, this 8th day of ~~February~~ March 2019, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, through his attorney Agatha R. McHale, and Debtor, Anjaneyulu Uppala and Debtor's daughter, Navya Uppala, and stipulate to the following:

WHEREAS, on or about August 18, 2015, Debtor transferred his interest in real estate situate at 920-922 West Elm Street, Scranton, PA to his daughter, Navya Uppala.

WHEREAS, on June 7, 2017, Debtor filed a Voluntary Petition under Chapter 13 docketed as set forth above; and

WHEREAS, Debtor will propose a plan which will pay to creditors a sum at least equivalent to any recovery that would result if the Trustee voided the transfer under §544 of the Bankruptcy Code and 12 Pa. C.S. 55104; and

WHEREAS, the parties desire to give Debtor the opportunity to continue making plan payments to appropriately satisfy creditors' claims without pursuing potentially unnecessary litigation; and

WHEREAS, Trustee desires to protect the bankrupt estate's rights to pursue its claim against Patrick John Snedeker should Debtor fail to complete her obligations under the plan;

NOW THEREFORE, the parties, intending to be legally bound hereby, agree as follows:

1) The relevant limitations period provided within the Bankruptcy Code and Pennsylvania law are not jurisdictional in nature and therefore may be extended by the parties.

2) The parties agree that the time elapsed while Debtor is in this bankruptcy case shall be excluded from any computation of time for purposes of any time-based defense based on statues of limitations, laches, estoppel, waiver, and any other time-based defense or right including, but not limited to, §546 of the Bankruptcy Code and the Pennsylvania Uniform Fraudulent Transfer Act, as amended, as it related to the filing of any avoidance action.

3)  An interested party may file these claims against Navya Uppala, her heirs or assigns, upon the bankruptcy case of Debtor, Anjaneyulu Uppala, converting to Chapter 7, his failure to fulfill his obligations under his Chapter 13 Plan or dismissal of the case.

4)  Nothing in this Agreement shall be deemed as an admission by Navya Uppala that these claims may properly be asserted against her. Except for timing defenses, this Agreement shall have no effect upon any defenses that may be asserted.

5)  This Agreement may not be amended, extended or otherwise modified without the prior written agreement of each party, their successors, heirs or assigns, hereto.

6)  This Agreement may be executed in identical counterparts with the facsimile signatures having the same force and effect as original signatures.

7)  Upon the payment in full of all amounts that are owed by Debtor in his Chapter 13 Plan, the Agreement shall terminate and the Trustee shall have no further interest in the subject real estate.

Charles J. DeHart, III, Esq.
Standing Chapter 13 Trustee

BY:

Agatha R. McHale
Attorney for Trustee

Anjaneyulu Uppala

_____
Signature

Navya Uppala, Daughter

_____
Signature

Before me, the undersigned officer,
Personally appeared
Anjaneyulu Uppala and
Navya Uppala, Daughter

Commonwealth of Pennsylvania - Notary Seal
COURTNEY A. HAIRSTON, Notary Public
Lackawanna County
My Commission Expires May 25, 2022
Commission Number 1256074

Known to me, (or satisfactorily proven) to be the person whose names are subscribed to the within Agreement and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.