UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ANJANEYULU UPPALA | : | CHAPTER 13 |
| Debtor(s) | : | |
| | : | |
| CHARLES J. DEHART, III | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| ANJANEYULU UPPALA | : | |
| Respondent(s) | : | CASE NO. 5-17-bk-02392 |

TRUSTEE'S OBJECTION TO THIRD AMENDED CHAPTER 13 PLAN

AND NOW, this 31st day of October, 2019, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor's plan violates 11 U.S.C. § 1322(a)(1) in that the Debtor has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that Debtor's disposable income is greater than that which is committed to the plan base upon disposable income on Amended Schedules I and J and specifically disputes the following amounts:

a. The Debtor's income at filing was higher than the median family income, and the aggregate expenses for food, clothing and other items is higher than the IRS National Standards for two people. More specifically, the items on Lines 7, 9, 10, 13, 21: haircuts, wife's clothes, and wife's minimum credit card payments on Attachment A to Schedule J exceed the National Standard by $444.00.

b. Wife's mortgage payment exceeds the IRS Local Standard for mortgage expenses by $243.00.

c. The aggregate expenses for utilities on Lines 6c and 21 exceed the Local Standard for such expenses by $90.00.

d. The medical and dental expenses on Line 11 of Schedule J exceed the out of pocket health care allowance by $195.00.

2. Debtor's plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically,

   a. The claim filed for Chizkaya Kalmanowitz does not have attached copies of documents that show evidence of perfection of the mortgage that shows that the mortgage has been filed or recorded. If the mortgage was not perfected at filing, the claim is an unsecured claim, and there is non-exempt equity in the real estate.

3. The Trustee avers that Debtor's plan is not feasible based upon the following:

   a. The plan provides for the City of Scranton Tax Office, delinquent waste for 341 Railroad Avenue, Scranton, but a Proof of Claim has not been filed for this property.

4. Trustee avers that Debtor's plan is not feasible and cannot be administered due to lack of the following:

   a. Current Profit and Loss Statement for the first ten (10) months of 2019 for the rental properties that Debtor is keeping.

   b. Verification of car sales commissions and uber driver income for the first ten (10) months of 2019.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
     Attorney for Trustee

CERTIFICATE OF SERVICE

    AND NOW, this 31st day of October, 2019, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

C. Stephen Gurdin, Esquire
69 Public Square, Suite 501
Wilkes Barre, PA   18701

                /s/Deborah A. Behney
                Office of Charles J. DeHart, III
                Standing Chapter 13 Trustee2